UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-80067-CIV-RYSKAMP/VITUNAC

JONEL P. STEPHONE, on his own
behalf and others similarly situated,
    Plaintiff,

v.

BYBLOS TRADING, INC., a Florida corporation,
d/b/a BOHEME BISTRO, OLIO BISTRO, INC., a
Florida corporation, and TONY BOUERI, individually,
    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' PLEADINGS AND FOR ENTRY OF DEFAULT AND MOTION FOR SANCTIONS

THIS MATTER comes before the Court upon Plaintiff's motion to strike Defendants' pleadings and for entry of default and motion for sanctions **[DE 31]**, filed on October 2, 2006. Defendants responded **[DE 39]** on October 27, 2006. Plaintiff replied **[DE 40]** on October 30, 2006. The motion is now ripe for adjudication.

Plaintiff argues that Defendants lied when they responded to Plaintiff's request for production and answered Plaintiff's interrogatories. In those responses, Defendants stated that Plaintiff did not work over forty hours in a week and therefore was not entitled to overtime wages. Moreover, Defendants stated that they never paid Plaintiff any of his wages in cash. In Defendant's corporate representative, Mr. Boueri's, deposition testimony, he did admit that on at least one occasion Plaintiff was entitled to overtime wages that he did not receive. Plaintiff argues that based on this testimony Defendants lied when they responded to Plaintiff's discovery requests and that Defendants' failure to amend their answers to the discovery requests both show that sanctions are appropriate.

Plaintiff relies on multiple rules of civil procedure and a federal statute to make its claim. None of these, however, are applicable in this case and therefore this Court declines to grant the motion. For instance, under Federal Rule of Civil Procedure 11, Plaintiff must not file a motion for sanctions without first giving

Defendants 21 days to correct the challenged conduct. Rule 11 (c)(1)(A). Plaintiff failed to state that they gave Defendants any time to cure.

Under Rules 37(c)(1) and 26(e), a party must amend its responses if the party learns that its response is materially incomplete or incorrect and if the "corrected information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. Pro. 26(e)(2). Here, Plaintiffs attended Boueri's deposition and asked the questions uncovering the new information. Thus, Defendants need not amend their answers since the corrected information was made known to Plaintiff during discovery.

Under Rule 41(b), a court can dismiss a claim for failure to comply with the rules or with a court order. Here, there does not seem to be any non-compliance with a court order or rule, and regardless, this relief is generally disfavored and should only be granted in the most egregious circumstances.

Finally 28 U.S.C. § 1927 only applies where an attorney unreasonably multiplies the proceedings in a case. When that occurs, the attorney personally must pay any excess costs, expenses, or attorney fees reasonably incurred because of his conduct, upon court order. Based on the reasoning above, this Court does not find that Defendants have violated any rule or court order so relief under this statute would be improper.

The Court has considered the motion and the pertinent portions of the record; based on the foregoing reasons, it is hereby,

**ORDERED AND ADJUDGED** that the Plaintiff's motion to strike Defendants' pleadings and for entry of default and motion for sanctions **[DE 31]** is **DENIED**.

**DONE AND SIGNED** in West Palm Beach, Florida this 29 day of January, 2007.

                           __/s/ Kenneth L. Ryskamp____
                           KENNETH L. RYSKAMP
                           UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record